UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-60221-CR-CANNON/HUNT

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

VICTOR AQUINO CATALAN,

      Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the undersigned on an Order of Reference (ECF No. 10) from United States District Judge Aileen M. Cannon, for the purpose of conducting a proceeding for acceptance of a guilty plea by Defendant Victor Aquino Catalan in the above-referenced case. The undersigned, having conducted a Change of Plea hearing on December 21, 2022, recommends to the District Court as follows:

    1. On December 21, 2022, the undersigned held a hearing in open court to permit Defendant, Victor Aquino Catalan, to enter a change of plea. At the outset of the hearing, the undersigned advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case. Further, Defendant was advised that the Change of Plea hearing was being conducted on an Order of Reference from the District Judge, at the request of Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to this case. The undersigned further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence.

2. Defendant was advised that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the Change of Plea hearing be conducted only by a United States District Judge.  Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to the undersigned conducting the Change of Plea hearing.  The Parties also submitted and filed a written consent to proceed before a Magistrate Judge for the change of plea.   ECF No. 13.

3. The undersigned conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and Rule 11 of the Federal Rules of Criminal Procedure.

4. Because there is no written plea agreement, the undersigned reviewed with Defendant the statutory elements of the offense to which Defendant pleaded guilty using Federal Pattern Jury Instructions.  The undersigned made certain that Defendant was aware of any applicable mandatory minimum sentences (there are none) and statutory enhancements (there are none).  Defendant was advised of the maximum sentence that could be imposed in this case pursuant to the applicable statutes.  Defendant acknowledged that he understood the possible maximum penalties (including fines, supervised release, and special assessments) that could be imposed in this case.

5. There is no plea agreement in this case.   Defendant pleaded guilty to Count 1 of the one-count Indictment, which charges him with being found in the United States, knowingly and unlawfully, after removal, in violation of 8 U.S.C. § 1326(a).

6. The Parties provided a signed, agreed written factual basis for the entry of the plea, ECF No. 12, which includes all the essential elements of the crime to which

Defendant is pleading guilty and any statutory sentencing enhancements and/or aggravating factors that may be applicable (there are none). Defendant acknowledged on the record that he had read and signed the written proffer and agreed that the facts set forth in the proffer were true and accurate, and that the proffer included the essential elements of the offense to which he is pleading guilty.

7. The undersigned advised Defendant about the possible immigration and other collateral consequences of his guilty plea.

8. Defendant expressed satisfaction with his counsel's representation.

9. Based on all the foregoing and the plea colloquy, the undersigned recommends to the District Judge that Defendant, Victor Aquino Catalan, be found to have freely and voluntarily entered his guilty plea to the Indictment as more particularly described herein and that he be adjudged guilty of this offense.

10. A Presentence Investigation Report (PSI) will be prepared for the District Court by the United States Probation Office. **Sentencing has been set for March 2, 2023, at 2:00 p.m. in Fort Pierce before the Honorable Aileen M. Cannon, United States District Judge.** The Parties were advised of this date and time.

Accordingly, the undersigned **RECOMMENDS** that Victor Aquino Catalan's plea of guilty be accepted, that Defendant be adjudged guilty of the offense to which he has entered his plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Aileen M. Cannon, United States District Judge. Failure to file

objections timely shall bar the parties from a *de novo* determination by the District Judge of any issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).  **The undersigned requested that counsel promptly file a notice of non-objection if they have no objections to the Report and Recommendation.**

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 21st day of December, 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Aileen K. Cannon
U.S. Probation
All counsel of record